RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11 / 17 / 11
       JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DAREN BURR                  DOCKET NO. 11-CV-1540; SEC. P
#05080-087

VERSUS                        JUDGE DEE D. DRELL

J. KEFFER, ET AL.            MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Daren Burr, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff filed a motion for leave to proceed in forma pauperis, which was granted on September 30, 2011. [Doc. #8] Plaintiff claims that the defendants filed a false disciplinary report against him for which he was convicted, resulting in: thirty days in disciplinary segregation, forfeiture of 27 days of "good time" credit, the forfeiture of 3 months of email and computer access, and a disciplinary transfer out of the United States Penitentiary in Pollock. Plaintiff names as defendants former Warden Joe Keffer, Captain Wingo, Officer Crittle, and Officer DeVille. He seeks $560,000 as punitive and compensatory damages as well as the restoration of good time credits.

This matter has been referred to the undersigned for review,

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## Statement of the Case

Plaintiff alleges that, on May 17, 2010, he was walking toward the commissary when a knife fight broke out involving numerous inmates on the C-yard. Plaintiff alleges that he was not involved in the fight. Nonetheless, he was charged with a disciplinary violation and was ultimately convicted of same. The document submitted by Plaintiff indicate that he received an incident report on May 18, 2010, and was advised of his rights before the Disciplinary Hearing Officer on May 19, 2010. On June 3, 2010, Plaintiff was afforded a hearing, at which Plaintiff stated that he knew and understood his rights. Plaintiff presented no evidence or witnesses, and he declined the appointment of a staff representative. Plaintiff made a statement on his own behalf. Still, the DHO determined that Plaintiff was guilty of the violation. [Doc. #5, p.10] His sanction was: 30 days disciplinary segregation, forfeiture of 27 days of good time, forfeiture of three months of email/computer privileges, and a disciplinary transfer. [Doc. #1, 5]

Plaintiff appealed the disciplinary conviction. His appeal was finally denied at the national level on February 15, 2011.

2

*Law and Analysis*

1. **Heck v. Humphrey**

Plaintiff seeks monetary damages for the sanctions imposed as a result of his allegedly wrongful disciplinary conviction. The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional imprisonment, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641 (1997)(extending Heck to prison disciplinary proceedings). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Id.

Thus, if a prisoner seeks damages for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery and fails to state a claim upon which relief may be granted. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). In this case, Plaintiff seeks compensation for the loss of good time, among other sanctions. Success on the merits would call into question

the validity of the prison disciplinary proceeding. Thus, **Plaintiff first has to show that the disciplinary conviction had been reversed or expunged** as required by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). Plaintiff has not made such an allegation, and it does not appear that Plaintiff has ever filed a petition for writ of habeas corpus as to the disciplinary conviction.

2. **Physical Injury**

Moreover, Plaintiff seeks monetary compensation without any allegation of physical injury. 42 U.S.C. §1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

3. **Sandin v. Conner**

Finally, based on the information presented, Plaintiff's placement in the special housing unit for thirty days, the loss of email privileges, and the disciplinary transfer, did not result in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). In Sandin, a disciplinary sentence of a transfer to segregated confinement did not constitute an "atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life." The result is the same in this case. See Orellana v. Kyle, 65 F.3d 29 (5th Cir.1995)("After Sandin, .... it is difficult to see that any ... deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status"). An inmate has no constitutional right to email access, to be housed at a particular facility, or to a specific security classification. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.), cert. denied, 488 U.S. 985 (1988).

4. Habeas Corpus

Plaintiff asks that his disciplinary conviction be expunged and his good time restored. Such relief is not available by way of civil rights action. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(A prisoner may not recover good time credits in a §1983 suit.) A §1983/Bivens action is appropriate for recovering monetary damages; however, a *habeas* action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir.1994).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 17th day of November, 2011.

_U.S. Magistrate Judge_

6